### FREEMAN HURDLE v. JOHN F. LEATH.

The object of a reference in matters of account is to have a plain and full statement of the figures and facts, so as to enable the parties, on exceptions, to present to the Court such matters as may be controverted in an intelligible manner; and to enable the Court to dispose of them without the labor of wading through all of the testimony, and in fact, of trying the whole case over again. To this end, the master should set out the *facts* found by him, and not content hmself with a general reference to the depositions.

EXCEPTIONS to a report, under an order for taking the accounts of a guardian, in the course of a suit brought against him by his wards, in the Court of Equity for CASWELL.

No statement of facts is necessary.

*Bragg*, for the exceptions.

No counsel, *contra*.

PEARSON, C. J. Without particular reference to the exceptions filed, the report will be set aside as vague, uncertain and unsatisfactory; and the whole matter will be referred to the clerk of this Court, to state the account.

The object of a reference in matters of account, is to have

a plain and full statement of the figures and facts, so as to enable the parties, on exceptions, to present to the Court such matters as may be controverted, in an intelligible manner, and to enable the Court to dispose of them, without the labor of wading through all of the testimony, and, in fact, of trying the whole case over again. To this end, the master should set out the facts found by him; and not content himself with a general reference to the many depositions he has taken *pro* and *con*, thus leaving the Court to find the facts from the pleadings and proofs, in regard to the whole case; whereas, the matter should have been so stated as to have the ruling of the master, upon any contested question of law or of fact, presented to the Court by exceptions.

For illustration: the report sets out, " the defendant also files $557 in currency of various banks of this and other States, as guardian funds, which I allow him as a credit," with a reference to the depositions, *en masse*. *When* this money was received by the defendant, is a fact controverted; the plaintiff alleged he received it about the time of the Surrender, when it was worthless. The defendant, in general terms, seeks to make the impression that he received it at a time when it was perfectly good. The master does not decide the fact, and his opinion, either as to the law, or the fact, cannot be made a subject of a review by an exception. Again, the report sets out that " the defendant files the following guardian bonds, for money loaned by him, belonging to his wards, viz: &c., for which I allow him credit," and the depositions are referred to *en masse*.

Whether, in the opinion of the master, the sureties to these several bonds were good and sufficient at the time the bonds were taken, or whether they are now good, or the bonds totally worthless, we are not informed. The matter is left at large, and the Court is in no way aided by the report. In regard to one of the bonds it is alleged that additional names were added as sureties, as late as 1866. How the fact is, or what, in the opinion of the master, is the legal effect, we are not informed.

It is unnecessary to allude to any other particulars, as the whole matter will be reported on by the clerk of this Court.

PER CURIAM.                                Report set aside.